UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHY KOWALSKI, ET AL. PLAINTIFF

V. CIVIL ACTION NO. 3:26-CV-86-DPJ-ASH

VITALCORE HEALTH STRATEGIES, LLC DEFENDANT

ORDER

Defendant VitalCore Health Strategies, LLC ("VitalCore") has filed a motion to extend the scheduling deadlines and to continue trial in this civil-rights case. Plaintiff Kathy Kowalski, proceeding individually and on behalf of the wrongful death beneficiaries of Anthony Craig Myrick, opposes VitalCore's motion. For the reasons that follow, the Court largely grants VitalCore's motion, although the Court sets a shorter expert-designation deadline than VitalCore requests.

I. Facts and Procedural History

Kowalski filed this lawsuit on February 6, 2026. After VitalCore answered, the Court held an April 28, 2026 case management conference and set case deadlines. *See* Apr. 28, 2026 Min. Entry. In particular, it set an August 19, 2026 Plaintiff expert-designation deadline, a September 21, 2026 Defendant expert-designation deadline, a November 5, 2026 settlement conference, a November 19, 2026 discovery deadline, and a December 3, 2026 motions deadline. Order [9] at 4–5. The Court also placed the case on a May 3, 2027 trial calendar with a pretrial conference scheduled for April 9, 2027. *Id.* at 4. On August 14, 2026, the Court entered a text order granting Kowalski's unopposed motion to extend the expert-designation deadlines to September 21, 2026, for Kowalski and October 21, 2026, for VitalCore.

Since entry of the Case Management Order, both parties have propounded and responded to various written discovery. *See* [10]–[26]. But it wasn't until September 16, 2026, that Kowalski first noticed any depositions. On that date, Kowalski noticed nine depositions, including the Rule 30(b)(6) deposition of VitalCore. [27]–[35]. In the next few days, Kowalski noticed a tenth deposition and designated her expert. [36]–[37].

On September 30, 2026, VitalCore filed this motion for an extension of its expert-designation deadline, the discovery deadline, and the dispositive and Daubert-type motions deadline. Mot. [38]. VitalCore asks the Court to extend these deadlines by 90 days, reset the settlement conference, and continue the current trial setting accordingly. *Id.* at 5. An extension, according to VitalCore, would provide additional time for the parties to schedule depositions, resolve objections, and conduct the discovery necessary for VitalCore to retain and designate its own experts. *Id.* at 3. VitalCore believes the additional time and resetting of the November 5, 2026 settlement conference would also allow the parties to continue their settlement efforts after their private mediation was postponed. *Id.* at 4.

VitalCore also argues that its lead counsel is representing a defendant in another case pending before this Court and the same presiding judges with overlapping deadlines (*Washington v. Management & Training Corporation, et al.*, Civil Action No. 3:25-CV-698-DPJ-ASH). *Id.* at 3–4. In that case, the Court set deadlines at the January 13, 2026 case management conference. *See* Jan. 13, 2026 Min. Entry. On April 17, 2026, the Court entered a text order granting the parties' joint motion to extend the deadlines and continue trial, which resulted in the trial setting and pretrial conference overlapping with the trial setting and pretrial conference in this case (two-week term of court commencing on May 13, 2027, and April 9, 2027, respectively). VitalCore asserts that *Washington*'s priority on the docket, the ample remaining discovery in

*Washington*, and the likelihood that *Washington* proceeds to trial create a conflict that weighs in favor of continuing this case. Mot. [38] at 3–4.

Kowalski opposes VitalCore's motion, primarily because she believes sufficient time remains to conduct the depositions before the November 19, 2026 discovery deadline. Resp. [39] at 2. Kowalski points out that the Initial Order for this case was sent out a month before the extension in *Washington*, and that VitalCore's counsel made no objections to the deadlines set out during this case's April 28, 2026 case management conference. *Id.* at 3. Additionally, Kowalski implies that another lawyer in the firm representing VitalCore could handle this matter if VitalCore's current counsel is occupied with *Washington*. *Id.* Ultimately, Kowalski does not believe VitalCore has shown good cause for modifying the scheduling order. *Id.* at 5.

In its Reply, VitalCore reiterates the conflict between this case and *Washington* and maintains that good cause does exist for amending the schedule. Reply [40] at 10–11.

## II. Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013)).

> There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice."

*Id.* (quoting *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). Applying these factors to this case, the Court finds VitalCore's extension request should be granted for the most part.

Starting with the explanation, VitalCore and Kowalski both exhibited diligence in beginning written discovery soon after the case management conference. Both parties also agreed to a request to extend the expert-designation deadlines by one month. VitalCore asserts that Kowalski's recently noticed depositions will take additional time to complete, while Kowalski maintains that the November 19, 2026 discovery deadline allows enough time for these depositions. It's a little inaccurate to say Kowalski has *noticed* the ten depositions. Rule 30(b)(1) requires a notice to state the time of a deposition. Kowalski's notices state only that the depositions "will begin at a mutually convenient date and time." *E.g.*, Not. [35]. And as of the entry of this Order, the docket does not indicate the parties have firmed up deposition dates. The Court isn't opining on the validity of the notices (an issue no party raises). But the lack of scheduled dates weakens Kowalski's assertion that this can be done within the current deadlines. The Court tends to agree with VitalCore that it may not be feasible for the parties to schedule and conduct the ten depositions before November 19, 2026. The inability to timely comply with the existing deadline does not appear to be attributable to VitalCore. It instead appears attributable to the volume of remaining discovery sought by Kowalski and the logistics of scheduling and completing it.

Turning to the importance of the modification, VitalCore argues the modification is necessary to prevent a conflict with another case before the Court and to provide the parties with time to meaningfully respond to discovery and discuss settlement. The Court agrees that extending the case deadlines will grant the parties that additional time, and, as an added bonus, a

continuance of the trial setting will resolve the overlapping pretrial conference and trial setting in this case and *Washington*. As for the prejudice and continuance factors, Kowalski does not address how she would be prejudiced by this extension and continuance except to say she has "relied upon those deadlines." This is the first extension of the trial in this case, and the Court finds any potential prejudice to Kowalski can be mitigated with a continuance of the deadlines.

On balance, it appears the parties simply need more time to complete discovery in this case, and the existing deadlines require a trial continuance to do that. The Court finds VitalCore has met its burden under Rule 16(b)(4).

That being said, VitalCore fails to explain to the Court's satisfaction why it needs such a lengthy extension of its expert-designation deadline. While some extension is in order, the Court will only extend VitalCore's expert-designation deadline by 30 days absent a more particularized showing of good cause.

## III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, VitalCore's motion [38] is granted to the extent stated herein. The new deadlines and settings are as follows:

- Defendant's Expert-Designation Deadline: November 30, 2026;
- Discovery Deadline: February 17, 2027;
- Dispositive and *Daubert*-type Motions Deadline: March 3, 2027;
- Pretrial Conference: June 11, 2027; and
- Jury Trial: Two-week term of court commencing on July 19, 2027.

These deadlines will be set by a separate docket entry to follow.

**SO ORDERED AND ADJUDGED** this the 29th day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE